1998 OK 63

**Kelly L. BRATCHER, Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellee.**

No. 88866.

Supreme Court of Oklahoma.

June 30, 1998.

Monty L. Bratcher, Bratcher & Bratcher, Edmond, for Appellant.

W.R. Cathcart, Virginia Cathcart Holleman, Cathcart, Gofton & Fraley, Oklahoma City, for Appellee.

ALMA WILSON, Justice:

¶1 The issue presented is whether a clause in a replacement cost option to a renter's insurance contract that provides for loss settlement on an actual cash value basis if the property is not replaced within one year is unconscionable. We answer in the negative and affirm the judgment of the district court.

¶2 State Farm issued a renter's policy to Bratcher covering the personal property in his dwelling. The policy limit was $25,000.00, with a $250.00 deductible. The policy had a replacement cost option. The annual premium for the policy was $178.00, plus the premium for the replacement cost option of $44.00. The policy was in effect on March 20, 1996, when Bratcher's automobile was stolen.

¶3 Bratcher had several items of personal property in the automobile at the time of the theft. On March 22, 1996, Bratcher submitted a claim to State Farm in the amount of $3,702.21, representing the total replacement costs for the personal property. On March 27, 1996, State Farm's claims specialist reviewed the claim with Bratcher. State Farm calculated the actual cash value, replacement cost less depreciation. The total cash value of the loss was estimated at $3,338.26. On April 2, 1996, State Farm issued a check to Bratcher in the amount of $2,893.26, the total cash value less the deductible and the amount paid under the automobile insurance policy and advised Bratcher of their procedures for recovering actual replacement costs.

¶4 Bratcher began the process of replacing items and sending the receipts to State Farm for reimbursement. Bratcher had replaced most of the personal property when *Coblentz v. Oklahoma Farm Bureau Mut. Ins. Co.*,[1] was published. Relying on *Coblentz*, Bratcher made demand for $568.91, the additional replacement cost of the items that he had not replaced. State Farm denied the

---

1. 1995 OK.CIV.APP. 126, 915 P.2d 938.

demand. On May 14, 1996, Bratcher filed this action against State Farm for breach of contract and bad faith.

¶5 The action was tried to the court. Bratcher testified that when he received the policy, he read and understood the replacement cost option. He also gave testimony identifying and valuing the items stolen and the amounts paid by State Farm. State Farm witnesses testified that they were willing to assist Bratcher in replacing the remaining items and presented testimony regarding their procedures to assist their insureds in replacing losses of personal property. The district court found that the provisions in the replacement cost option were clear, valid, and enforceable and that State Farm had acted reasonably and in good faith in withholding payment on the claim for replacement cost until the property was replaced. The district court concluded that *Coblentz* was not applicable because Bratcher failed to prove that he was unable to pay for replacement of items without first receiving replacement cost benefits. Judgment was entered in favor of State Farm and Bratcher timely appealed. This Court retained the appeal.

¶6 The challenged policy provisions read: b. We will pay the cost to repair or replace all other personal property subject to the following:

(1) loss to property not repaired or replaced within one year after the loss will be settled on an actual cash value basis;

¶7 Bratcher contends the above-quoted provisions are unconscionable under *Coblentz.* The issue in *Coblentz* was "whether the homeowner's policy provision limiting Insurer's liability to actual cash value of the property, unless replacement has been made, is void as unconscionable." [2] In *Coblentz,* the homeowners' house and outbuildings were struck by a tornado; they filed a claim for personal property loss in the amount of $36,-683.88 under their homeowner's policy; the insurer paid its estimate of actual cash value in the amount of $16,855.18; and, the homeowners were unable to replace a majority of the personal property that was destroyed because they did not have the money. The homeowners sued the insurer. The insurer defended, claiming that the homeowners did not meet the condition precedent set out in the policy which required the homeowners to actually repair or replace the personal property before insurer would be liable for replacement cost. The trial court in *Coblentz* granted summary judgment in favor of the insurer. Relying upon *Barnes v. Helfenbein,*[3] the Court of Civil Appeals reversed.

¶8 *Barnes* addressed two issues: 1) whether the involved loan was a consumer loan, a consumer related loan, or an other loan under the Uniform Consumer Credit Code, 14A O.S.1971, §§ 1–101 et seq.; and 2) whether the maximum permissible interest rate may be charged for the involved loan. In addressing the second issue, *Barnes* reviewed the unconscionability provisions in the Uniform Consumer Credit Code and the equitable concept of unconscionability. *Barnes* recognized that the equitable concept of unconscionability is directly related to fraud and deceit; it is meaningful only within the context of onerous inequality, deception, and oppression; and, contract provisions are unconscionable if, under the circumstances at the time of contracting, they are so one-sided as to oppress or unfairly surprise one of the parties.

¶9 Insurance contracts are generally recognized as one-sided when viewed under the circumstances at the time of contracting.[4] Because of the disparity in the bargaining positions of the parties, these contracts of adhesion are interpreted consistent with the object sought to be accomplished;[5] words of inclusion are construed against insurer; and, words of exclusion are construed in favor of the insured.[6] We have not

2. 1995 OK.CIV.APP. 126, at ¶1, 915 P.2d at 939.

3. 1976 OK 33, 548 P.2d 1014.

4. *Rodgers v. Tecumseh Bank,* 1988 OK 36, 756 P.2d 1223.

5. *Wilson v. Travelers Insurance Co.,* 1980 OK 9, 605 P.2d 1327.

6. *Dodson v. St. Paul Insurance Company,* 1991 OK 24, 812 P.2d 372.

adopted the equitable concept of unconscionability as an aid to interpret insurance contracts, although we have held that, upon proof of mistake in the contracting, an insurance policy may be reformed to accomplish the bargained-for coverage.[7]

¶ 10 In addressing the issue presented, the *Coblentz* opinion did not utilize the established rules of construction of insurance contracts. Although Bratcher presents a similar issue, we decline to embrace the equitable concept of unconscionability as an aid in interpreting the provisions of the involved homeowner's insurance contract. Therefore, *Coblentz v. Oklahoma Farm Bureau Mutual Insurance Co.*, 1995 OK.CIV. APP. 126, 915 P.2d 938, is not to be considered as a correct exposition of the law and, insofar as it is modified by this opinion, is hereby overruled.

¶ 11 Bratcher admits that the replacement cost provisions are not ambiguous. He further admits that he read the entire policy and understood that he would be required to replace a loss covered under his replacement cost option before State Farm would be liable for the full amount of replacement costs. We find the challenged replacement cost provision to be clear and unambiguous. Hence, its plain and ordinary meaning must be accepted.[8] The trial court correctly found that, consistent with the plain meaning of the challenged provision, State Farm paid Bratcher the estimated actual cash value of his property loss within a reasonable time after the loss occurred and reimbursed Bratcher the additional amount for actual replacement cost when he replaced an item of property. We find no error in the trial court's ruling.

**JUDGMENT OF THE DISTRICT COURT AFFIRMED.**

SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, OPALA, and WATT, JJ., concur.

KAUGER, C.J., and HARGRAVE, J., concur in result.

---

**7.** *Gentry v. American Motorist Insurance Co.*, 1994 OK 4, ¶¶ 9, 12, 867 P.2d 468, 471–472. Gentry bargained for insurance against theft, but loss from theft was excluded. There was no showing that the insurer's agent intended to deceive Gentry. Recognizing that constructive fraud may be based on negligent or innocent

misrepresentation rather than an intent to deceive, the trial court's reformation of the insurance contract was affirmed.

**8.** *Wiley v. Travelers Ins. Co.*, 1974 OK 174, ¶ 16, 534 P.2d 1293, 1295.