1998 OK 77

**Russell POPE, Sr., and Darnie Pope, Plaintiffs,**

v.

**FARMERS INSURANCE COMPANY, INC., Defendant.**

No. 90009.

Supreme Court of Oklahoma.

July 14, 1998.

---

Gregory G. Meier, Donald O'Dell, Meier, Cole & O'Dell, P.A., Tulsa, for Plaintiffs.

Jerry Fraley, W.R. Cathcart, Virginia Cathcart Holleman, Cathcart, Gofton & Fraley, Oklahoma City, for Defendant.

Larry Derryberry, Robert N. Naifeh, Jr., Gary L. Levine, Derryberry, Quigley, Solomon & Naifeh, Oklahoma City, for Amicus Curiae, American Insurance Association.

ALMA WILSON, Justice:

¶ 1 Pursuant to 20 O.S.Supp.1997, § 1602, the United States District Court for the Northern District of Oklahoma certified two questions of law to this Court.[1] Pursuant to 20 O.S.Supp.1997, § 1602.1, we reformulate the questions. We consider the following question of law:

1. Whether a replacement requirement in a homeowner's fire insurance policy is unconscionable?

¶ 2 We conclude that the equitable concept of unconscionability is not applicable to the interpretation of the provisions of a fire insurance policy issued pursuant to 36 O.S. 1991, §§ 4801 et seq. Accordingly, we answer the reformulated question in the negative.

¶ 3 The certifying order sets forth the following undisputed facts. The residence of the plaintiffs (Popes) was partially destroyed by fire. The Popes had replacement value insurance on the dwelling with a policy limit of $160,000.00 issued by defendant (Farmers) in effect at the time of the fire. The Popes estimate the repair costs at $128,498.59. The damaged dwelling has not been repaired. Farmers rejected the Popes claim for estimated repair costs. Farmers estimated the actual cash value of the loss to be $64,000.00 and issued a check to the Popes in that amount. The Popes accepted the check, specifically retaining the right to submit the disputed amount of the claim to appraisal or litigation.[2] Subsequently, the Popes demanded payment of the balance of their claim based on replacement value. Farmers refused the demand, asserting that repair or replacement must be completed before it is liable for the excess of the replacement value

---

1. The two questions certified to this Court are:
   1. Is a replacement value clause in an insurance contract which allows the insurer to pay actual cash value at the time of loss and reserving replacement value payment until repairs or replacements have taken place unconscionable or void as a matter of public policy in Oklahoma?
   2. If the Supreme Court were to uphold the *Coblentz* opinion, is that decision distinguishable when an insurer offers to pay replacement cost value if the insured executed an agreement with a contractor to replace or repair a damaged dwelling?
   We reformulate the first question. Because we hold the critical policy clause in issue is not unenforceable as "unconscionable," the second question need not be answered.

2. According to the certifying order, there are material issues of fact to be settled by the trier of fact in determining the actual cash value and the replacement value of the loss.

over the actual cash value of the structure at the time of loss. Farmers relies on a settlement loss condition in the policy which the Popes contend is unconscionable. The policy clause reads in part:

> However, if the cost to repair or replace is more than $1,000 or more than 5% of the limit of insurance on the damaged or destroyed building, whichever is less, we will pay no more than the **actual cash value** until repair or replacement is completed.

██ ¶4 The certification order and the briefs of the parties focus primarily upon *Coblentz v. Oklahoma Farm Bureau Mutual Insurance Co.*[3] The issue in *Coblenz* was "whether the homeowner's policy provision limiting Insurer's liability to actual cash value of the property, unless replacement has been made, is void as unconscionable."[4] Relying upon *Barnes v. Helfenbein*,[5] *Coblenz* held that the replacement requirement clause, allowing the insurer to pay actual cash value at the time of loss without liability for replacement value until repair or replacement is complete, is unconscionable or void. *Barnes* recognized that the equitable concept of unconscionability prevents fraud and deception in the making of a contract between parties of onerous inequality.

██ ¶5 In *Bratcher v. State Farm Fire and Casualty Company*,[6] we refused to consider optional replacement cost coverage of personal property under the equitable concept of unconscionability. *Bratcher* overruled *Coblenz* as an incorrect exposition of the law. Today, we hold that unconscionability is an equitable notion that has no application in the interpretation of fire insurance

policies, the provisions of which are governed 36 O.S.1991, §§ 4801, et seq.

**REFORMULATED QUESTION ANSWERED.**

HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA and WATT, JJ., concur.

KAUGER, C.J., and SUMMERS, V.C.J., concur in result.

---

3. 1995 OK CIV APP 126, 915 P.2d 938. The briefs of Farmers and the *amicus*, American Insurance Association, assert error in the reasoning of *Coblentz* because the clause requiring the homeowner to repair or replace the damage before recovery of replacement cost protects against fraud and prevents a windfall to the homeowner. The Popes answer that they paid premiums based on replacement value and that the clause requiring them to complete repair or replacement before recovery of the insurance they paid for is unconscionable, or, the clause is ambiguous in the context of the entire loss settlement condition.

4. 1995 OK CIV APP 126, at ¶1, 915 P.2d at 939.

5. 1976 OK 33, 548 P.2d 1014. *Barnes* considered the allowable interest rate on a loan governed by the Uniform Consumer Credit Code, 14A O.S.1971, §§ 1–101 et seq. Upholding the bargained-for interest rate, *Barnes* reviewed the unconscionability provisions in the Uniform Consumer Credit Code and the equitable concept of unconscionability applicable to contract provisions entered into due to fraud and deceit.

6. 1998 OK 63, 961 P.2d 828, handed down June 30, 1998.